# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMONA DIXON, et al().<br><br>v.<br><br>ERIC WASHINGTON, et al. | CIVIL ACTION<br><br>NO. 18-2838 |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                    October 16, 2018

Plaintiffs Ramona Dixon, Romelle Thompson, Carolyn Jeffers, Valerie Weaver, John Twyman, and Janine Howie ("Plaintiffs"), members of the First Baptist Church of Fairview, bring this claim asserting that their former reverend, with assistance of others, stole church funds and acted in violation of his duties. Plaintiffs' complaint sets out the following claims for relief:

1. Breach of fiduciary duty pursuant to 29 U.S.C. § 1109 against Defendants Reverend Korey V. Grice ("Grice"), Eric Washington ("Washington"), and Joseph Hollman ("Hollman") (Counts I, IV, and V);

2. Theft or bribery concerning federal funds pursuant to 18 U.S.C. § 666 against Grice (Count II);

3. Fraudulent conversion of real property against Grice (Count III);

4. Tortious interference with a contract against Defendant Edward C. Lilly ("Lilly") (Count VI); and

5. Fraudulent conversion against Lilly (Count VII).

1

Defendants now move to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and R. 12(b)(1)[1] for lack of subject matter jurisdiction. (Mot., ECF 3.) Defendants also assert that the claim is barred by Res Judicata. (Id. at 1.) For the reasons stated below, the Motion to Dismiss is GRANTED as set out within.

I. **Background**

For the purposes of this motion, the following facts are taken as true from Plaintiffs' complaint. The First Baptist Church of Fairview ("the Church") is a religious organization located at 130 Balignac Avenue, Woodlyn, Pennsylvania. (Compl. ¶ 2.) The Church is a non-profit organization with 501(c)(3) status. (Id.) Plaintiffs Dixon and Twyman reside in Delaware, while the remaining plaintiffs reside in Pennsylvania. (Id. ¶¶ 3-8) Plaintiffs are all members of the Church's congregation. (Id.) All defendants reside or have their principal place of business in Pennsylvania. (Id. ¶¶ 9-12.) Defendant Grice was the Pastor and Chief Executive Officer of the Church. (Id. ¶ 9.) Defendant Lilly is the Pastor, Chief Executive Officer, and agent of the Christian Church of Chester. (Id. ¶ 10.)[2] Defendants Washington and Hollman were a trustee and Deacon, respectively, of the Church. (Id. ¶¶ 11-12.)

Defendant Grice was elected to serve as Senior Pastor of the Church on or about September 25, 2011, and assumed his post on December 4, 2011. (Id. ¶ 13.) On November 18, 2011, allegedly with direction from Defendant Grice, the Church revised their Constitution and

---

[1] Defendants cited Fed. R. Civ. P. 12(b)(2), the rule governing dismissal for lack of personal jurisdiction, in their Motion to Dismiss. The Court assumes that Defendants meant to assert Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the arguments set out in Defendants' Memorandum in Support of the Motion to Dismiss are exclusively regarding subject matter jurisdiction. (Mot., ECF 3.)

[2] It appears from the pleadings that Defendant Lilly was formerly the Pastor of White Rock Christian Church Life Center, which, as explained below, merged with the Church to form the Christian Church of Chester.

bylaws to give the Senior Pastor authority to choose the Board of Directors. (Id. ¶ 16.) Defendant Grice was the President of the Board, and Defendant Hollman was the Vice President of the Board. (Id. at Ex. 2.)[3]

The following summary of alleged facts demonstrates the nature of Plaintiffs' case:

1. Defendant Grice used the Church's ATM card for personal items and expenses not associated with the Church, and the account associated with the card was closed because it was overdrawn by thousands of dollars. (Id. ¶¶ 18-21 & Ex. 1.)

2. During the summer of 2011, when the Church was damaged by flood waters, it applied for and received a FEMA grant in the amount of $134,300. (Id. ¶¶ 22-23.) The company hired to perform the repairs was paid less than $100,000 to perform the work, and the rest of the funds were allegedly misappropriated by Defendants. (Id. ¶¶ 24-25.)

3. In the summer of 2014, the Church collected donations to award scholarships to two church members: Isaiah Dixon and Jashad Hollman. (Id. ¶¶ 26-27.) The donations totaled $1,000, but the students never received the money. (Id. ¶¶ 26, 28.) The theft of the money was reported to the Delaware County Police, and Defendant Grice admitted to stealing the scholarship money to a police officer. (Id. ¶¶ 29-30.) No charges were pursued because Defendant Grice promised to repay the money, but he never did. (Id. ¶ 31.)

4. In July 2016, five members of the Board of Directors of the Church voted to close the Church and merge with the White Rock Christian Church Life Center, Defendant

---

[3] At least as of October 2011, Defendant Washington was not a member of the Board of Directors. It is unclear from the Complaint whether he was ever a member of the board or how he was personally involved in the alleged actions of the other defendants. (Compl. at Ex. 2.)

Lily's church. Five members of the board also voted to sell the property of the Church and use the proceeds to fund the building of a new Sanctuary at the newly merged church. (Id. ¶¶ 36-38.)[4]

## II. Legal Standard

In ruling on a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court must first determine whether the Defendants allege a facial or factual deficiency. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack "concerns 'an alleged pleading deficiency,' whereas a factual attack concerns 'the actual failure of a plaintiff's claim to comport factually with the jurisdictional prerequisites.'" Id. (citing U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)).

A facial attack looks to whether "the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir.2006) (quoting Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 (3d Cir.2002)). Conversely, a factual attack looks to whether the court "in fact lacks subject matter jurisdiction, no matter what the complaint alleges." NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n. 7 (3d Cir.2001) (citing Mortensen v. First Federal Savings & Loan Ass'n, 549 F.2d884, 891 (3d Cir. 1977)). Given that Defendants' motion "concerns an alleged pleading deficiency," we analyze it as a facial attack.

---

[4] Plaintiffs attach to their complaint a Stipulation and Order from a case filed on September 7, 2016 in the Court of Common Pleas of Delaware County against some Defendants for related factual issues. (Compl. at 49-50; See Dixon, et al. v. Grice, Reverend, et al., CV-2016-007727). The Stipulation and Order included a provision that "Following payment of the mortgage and other debts of the Church, any and all residual income shall be deposited and/or reserved in a verifiable checking or savings account until the instant matter has been resolved by agreement of the parties or Order of Court." (Compl. ¶¶ 42-43 & Ex. 3.) According to Plaintiffs, Defendants have not followed this Stipulation. (Compl. ¶ 44.)

In ruling on a 12(b)(6) motion to dismiss, the court must determine whether "a complaint [contains] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

### III. Discussion

#### A. 12(b)(1) Motion to Dismiss for lack of Subject Matter Jurisdiction

Defendants' three page memorandum in support of their Motion to Dismiss asserts that Plaintiffs do not have subject matter jurisdiction because there is no complete diversity. (Mot. at 2-3.) Plaintiffs respond that they have established diversity jurisdiction and that they have presented a valid federal question. (Resp. at 8-9.) We address federal question jurisdiction first.

##### 1. Federal Question

In order to be considered a federal question and thus provide original jurisdiction under 28 U.S.C. § 1331, Plaintiffs' claim must arise under federal law. Pursuant to the "well-pleaded complaint" rule, "federal question jurisdiction only exists where an issue of federal law appears on the face of the complaint." DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442, 445-46 (3d Cir.2003) (citing Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 24 (1983)). In cases where a federal statute does not expressly provide for private relief, "[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative." McGovern v. City of Philadelphia, 554 F.3d 114, 119 (3d Cir. 2009) (citing Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001)).

Plaintiffs respond to Defendants' motion with an assertion that they have established federal question jurisdiction through their allegations that Defendants violated 18 U.S.C. § 666 and 29 U.S.C. § 1109. All other claims Plaintiffs allege are state common law claims. No federal nexus is alleged with respect to these claims.

Under 18 U.S.C. § 666, the federal criminal statute for theft or bribery concerning programs receiving federal funds, there is no provision for a private right of action. See Myers v. Davenport, No. CA 13-13149-PBS, 2014 WL 2805278, at *1 (D. Mass. June 18, 2014) ("there is no authority to permit a private cause of action under this criminal statute [18 U.S.C. § 666]."). Nor would it be appropriate for us here to imply that Congress intended to create a private right of action. Wisniewski v. Rodale, Inc., 510 F.3d 294, 301 (3d Cir. 2007) ("After Sandoval, the relevant inquiry for determining whether a private right of action exists appears to have two steps: (1) Did Congress intend to create a personal right?; and (2) Did Congress intend to create a private remedy? Only if the answer to both of these questions is 'yes' may a court hold that an implied private right of action exists under a federal statute.") Thus, this statute does not provide an adequate basis for Plaintiffs to assert federal question jurisdiction.

Under 29 U.S.C. § 1109, the statute governing liability for breach of fiduciary duty under ERISA, there is a private cause of action. This statute is discussed further below. Accordingly, we are unable to dismiss Plaintiff's complaint entirely for lack of subject matter jurisdiction.

## 2. Diversity Jurisdiction

The principal statute governing federal diversity jurisdiction gives federal district courts original jurisdiction over all civil actions between citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish diversity jurisdiction, parties must demonstrate complete diversity, meaning that "unless there is some other basis for

6

jurisdiction, 'no plaintiff may be a citizen of the same state as any defendant.'" Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir.2010)).

Plaintiffs' complaint, taken as true, does not establish complete diversity. Most of the Plaintiffs are residents of Pennsylvania, and all of the Defendants are residents of, or have their principal place of business in, Pennsylvania. Plaintiffs state in their Response that they "agree with Defendants' analysis," that there is not complete diversity, but argue that minimal diversity and the amount in controversy is sufficient to establish diversity jurisdiction. (Resp. at 9.) This is contrary to clear precedent in this Circuit that complete diversity is required to fulfill the diversity requirement of 28 U.S.C. § 1332. Thus, Plaintiffs have not demonstrated that this court may exercise jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

### B. 12(b)(6) Motion to Dismiss for Failure to state a claim

Under the ERISA statute, an individual may state a private cause of action for breach of fiduciary duty. 29 U.S.C. § 1109. Plaintiffs have alleged in their complaint that Defendants Grice, Washington, and Hollman breached their fiduciary duty with respect to misappropriated funds that resulted from a sale of the church, a scholarship fundraiser, and a FEMA grant. Plaintiffs have not, however, asserted that there was a breach of a duty regarding an employee benefit plan covered by Employee Retirement Income Security Program (ERISA), to which this statute applies.[5] See 29 U.S.C. §§ 1101, 1102. Without more facts by Plaintiffs regarding their coverage by the ERISA statute, their status as employees with an employee benefit plan, or another factual scenario under ERISA, plus facts showing an ERISA claim is plausible, we

---

[5] "The term 'employee benefit plan' or 'plan' means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3) ("ERISA").

cannot find that they have alleged sufficient facts to state a claim under this statute. Accordingly, Plaintiffs ERISA claims are dismissed without prejudice, with leave to amend.

### C. State Common Law Claims

The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims until and unless there are federal causes of action in this lawsuit. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim… if the district court has dismissed all claims over which it has original jurisdiction.").

Because we are dismissing the complaint without prejudice, we need not address Defendant's Res Judicata argument.

## IV. Conclusion

For the reasons stated above, the Defendants' Motion to Dismiss is hereby GRANTED. Plaintiffs' ERISA claims—Counts I, IV, and V—are dismissed without prejudice, and Counts II, III, VI, and VII are dismissed with prejudice. The Court will allow Plaintiffs fourteen (14) days to file an amended complaint.

An appropriate order follows.

O:\CIVIL 18\18-2838 Dixon v. Washington\18cv2838 MTD Memo.docx