# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RAMONA DIXON, et al. | CIVIL ACTION |
|---|---|
| v. | NO. 18-2838 |
| ERIC WASHINGTON, et al. | |

## MEMORANDUM RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT

**Baylson, J.**                                                                                       **August 7, 2019**

This is the second occasion this Court has had to evaluate the plausibility of the claim of Plaintiffs, congregants and former congregants, against their former pastor and others for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants now move to dismiss Plaintiffs' Third Amended Complaint. Because the Court has previously outlined the factual background of this case in a prior memorandum (ECF 6), it refrains from doing so a second time. For the reasons that follow, Defendants' Motion is granted.

## I. Procedural History

Plaintiffs filed their original complaint in July 2018. (ECF 1.) In October 2018, the Court granted without prejudice Defendants' Motion to Dismiss, permitting amendment solely with regard to Plaintiffs' ERISA claims. (ECF 7.) Plaintiffs filed an Amended Complaint on November 6, 2018 (ECF 9), and Defendants moved to dismiss, alleging that Plaintiffs do not have standing under ERISA to bring their claim. (ECF 10.) Plaintiffs filed a Motion for Leave to File a Second Amended Complaint on December 19, 2018 (ECF 13), which the Court granted (ECF 20), although the Court requested a supplemental brief explaining how Plaintiffs have standing to sue under ERISA. (ECF 15.)[1]

---

[1] This supplemental brief was never filed.

1

On April 18, 2019, the Court ordered minimal discovery on the issue of whether Plaintiffs have standing to sue under ERISA. (ECF 20.) Five days later, Defendants filed a Motion to Dismiss the Second Amended Complaint. (Mot., ECF 21.) Plaintiffs responded on June 10, 2019. (Resp., ECF 22.)

The Court held oral argument on June 11, 2019, and after it was apparent that Plaintiffs' counsel did not receive the limited ERISA standing-related discovery until the day before the hearing, the Court permitted Plaintiffs to file a supplemental legal memorandum in response to the Motion to Dismiss the Second Amended Complaint. (ECF 23.) Plaintiffs filed a supplemental response on July 3, 2019. (Suppl. Resp., ECF 26.) On the same day, Plaintiffs filed a Motion to Compel (ECF 27) and a Motion for Leave to File a Third Amended Complaint (ECF 28.) The Court granted Plaintiffs' Motion to Compel. (ECF 29.) On July 18, 2019 Defendants filed a reply brief to its Motion to Dismiss (Reply, ECF 30), and a day later filed a response in opposition to Plaintiffs' Motion for Leave to file a Third Amended Complaint (ECF 31).[2]

## II. Legal Standard

In ruling on a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court must first determine whether the defendants allege a facial or factual deficiency. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack "concerns 'an alleged pleading deficiency,' whereas a factual attack concerns 'the actual failure of a plaintiff's claim to comport

---

[2] The Court initially granted Plaintiffs' Motion for Leave to file a Third Amended Complaint as being unopposed, but vacated that order when Defendants filed a timely response. (ECF 34.) With the attached Order, the Court will deny Plaintiffs' Motion for Leave to Amend, as Plaintiffs' Third Amended Complaint would fail to withstand a Motion to Dismiss for the same reasons as the Second Amended Complaint does, as explained in this memorandum. Moreover, Plaintiffs have had two opportunities to amend their complaint to demonstrate that an ERISA plan exists, and that they have standing to bring a claim under the ERISA statute, and have failed to do so.

factually with the jurisdictional prerequisites.'" Id. (citing U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)). A facial attack looks to whether "the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (quoting Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002)). Conversely, a factual attack looks to whether the court "in fact lacks subject matter jurisdiction, no matter what the complaint alleges." NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n. 7 (3d Cir. 2001). Where a Rule 12(b)(1) motion alleges sufficient factual allegations to establish standing, it is "properly understood as [a] facial attack[]." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

Defendants' central argument here is that Plaintiffs lack statutory standing under the ERISA statute. "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." In re Schering, 678 F.3d at 243 (quoting Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007)). However, "[i]n evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim: 'Courts must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.'" Id. (quoting Ballentine, 486 F.3d at 810). Accordingly, the Court evaluates Defendants' standing arguments under the 12(b)(6) standard.

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd.,

3

292 F.3d 361, 374 n. 7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, the Court in Iqbal does explain that while factual allegations must be treated as true, legal conclusions must not. 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

## III. Discussion

### A. Plaintiffs have not alleged that there was an ERISA plan

ERISA establishes standards that apply to retirement and health benefits plans. The ERISA statute defines "employee welfare plan" as

> any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such a plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1).

Defendants contend that there is no ERISA plan present because there is no employer-employee relationship present between Plaintiffs and the church. Rather, Plaintiffs are congregants and have a "status as volunteers," and thus "[t]here is no injury under ERISA that the Plaintiffs have suffered because they are not employees, nor are they entitled to benefits under a plan." (Mot. at 9.)

Plaintiffs attempt to demonstrate that there is an ERISA plan because there was a scholarship program that "was part of the church's plan for the benefit of church members." (Suppl. Resp. at 5.)

Defendants reply that "[n]one of the Plaintiffs allege that they were participants or recipients of the scholarship fund," and that, moreover, "unfunded scholarships are exempt from ERISA," citing to 29 C.F.R. 2510.3(k). Under that regulation, "the terms 'employee welfare benefit plan' and 'welfare plan' shall not include a scholarship program, including a tuition and education expense refund program, under which payments are made solely from the general assets of an employer or employee organization."

Plaintiffs' Second Amended Complaint has not demonstrated that an employee benefit plan was present in this case. Even more fundamentally, there is no employer or employee organization present. If there were, the scholarship program may not constitute a welfare plan that could be covered under ERISA.

### B. Plaintiffs have not alleged that they are employees, participants, or beneficiaries of any ERISA plan such that they would have standing to bring this claim

Defendants' second basis for moving to dismiss Plaintiffs' complaint is an allegation that no Plaintiff has standing to bring the claim because "none of the Plaintiffs have asserted an employer-employee relationship or that they are a beneficiary or former employee entitled to benefits." (Mot. at 10.)

"To bring a civil action under ERISA, a plaintiff must have constitutional, prudential, and statutory standing." Leuthner v. Blue Cross & Blue Shield of Northeastern Pa., 454 F.3d 120, 125 (3d Cir. 2006). Defendants here appear to challenge only Plaintiffs' statutory standing. Under the ERISA statute, "a civil action may be brought . . . by a participant or beneficiary." 29

5

U.S.C. 1132(a)(1). A participant is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." Id. at § 1002(7). A beneficiary is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Id. at § 1002(8).

Plaintiffs do not set forth any argument that any Plaintiff is a participant or beneficiary of an employee benefit plan.[3] Rather, Plaintiffs argue that Defendants, particularly Defendant Korey Grice, were employees. (Suppl. Resp. at 2-3.) Plaintiffs assert that Grice was paid through a "good will offering" by the congregation and received a housing allowance. (Suppl. Resp. at 4.)

The status of Defendant Grice's employment is immaterial to the issue of whether Plaintiffs have standing to bring this claim. Plaintiffs have simply stated no facts that would demonstrate that any Plaintiff was an employee, participant, or beneficiary of a plan covered by ERISA.[4]

---

[3] Plaintiff Dixon states that "The [scholarship] fund, while operating, was available to any member or employee of the First Baptist Church of Fairview. We were all participants and all of our relatives could benefit from the fund. For example, my grandson was a scholarship fund recipient." (ECF 31, Ex E.) For the reasons discussed above, the Court has concluded that this scholarship plan is not an ERISA plan, and thus the mere *availability* of the plan to Plaintiffs, members of the church, is insufficient to confer standing.

[4] The parties argue about whether a church such as the one Plaintiffs belong to would be covered under the congressional intent of the "church plan" exception to ERISA. Because there is no ERISA plan, and further because no Plaintiff has standing to bring a claim if there were an employee benefit plan, the Court declines to address this argument.

## IV. Conclusion

Plaintiffs have failed to allege that there was an employee benefits plan subject to ERISA, or that, if there were an ERISA plan, any Plaintiff would have standing to bring a claim. Accordingly, Plaintiffs' Second Amended Complaint is dismissed with prejudice.

An appropriate order follows.

O:\CIVIL 18\18-2838 Dixon v. Washington\18cv2838 Dixon MTD SAC Memo.docx